# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LEONARD C. GILMORE, | : | |
| Petitioner, | : | Case No. 3:12cv00163 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| MONTGOMERY COUNTY | : | |
| COMMON PLEAS COURT,[1] | | |
| | : | |
| Respondent. | | |
| | : | |

## REPORT AND RECOMMENDATIONS[2]

## I.  INTRODUCTION

Petitioner Leonard C. Gilmore brings this action pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction for one count of Aggravated Trafficking. (Docs. #2 at 1; 2-4 at 1).

Gilmore's Petition is before the Court for preliminary consideration as required by Rule 4 of the Rules Governing § 2254 Cases in the United States District Court. Rule 4 mandates dismissal of this case "[i]f it plainly appears" from Gilmore's Petition or

---

[1] Although it appears Gilmore was incarcerated in the Chillicothe Correctional Institute, and therefore Warden Norm Robinson is the proper Respondent, *see* Rule 2(a), Rules Governing Section 2254 Cases, the case caption should remain the same to maintain docketing continuity.

[2] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

attached Exhibits that he "is not entitled to relief in the district court...." Applying this lenient standard to Gilmore's Petition reveals that it plainly appears that his Petition is time barred.[3] A District Court may dismiss a habeas petition *sua sponte* on limitations ground when conducting an initial review under Rule 4 of the rules governing § 2254 cases. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it).

## II. GILMORE'S STATE CONVICTIONS AND FEDERAL HABEAS PETITION

On August 21, 1985, Petitioner was convicted of two counts of Involuntary Manslaughter. (Doc. #2-3 at 1). Petitioner was sentenced to a term of imprisonment of two (2) to ten (10) years in the Chillicothe Correctional Institute, but imprisonment was suspended and Petitioner was placed on probation for a period not to exceed five (5) years. (*Id.*). On April 23, 1986, while on probation for his Involuntary Manslaughter convictions, Petitioner was convicted on one count of Aggravated Trafficking and sentenced to a term of one (1) year imprisonment in the Chillicothe Correctional Institute, to be served consecutively with the sentence previously imposed by the court for the Involuntary Manslaughter convictions. (Doc. #2-4 at 1). He timely appealed his conviction for Aggravated Trafficking, and on July 27, 1987, the Court of Appeals for Montgomery County affirmed this conviction. (Doc. #2-1 at 1). Petitioner appealed to

---

[3] It should also be noted that it appears from the record that Gilmore is not currently incarcerated, on probation, or otherwise still serving a sentence. Thus, even if not time barred, Gilmore's Petition may not meet the "in custody" requirement of 28 U.S.C. § 2254(a) for this Court to have jurisdiction. *See Leslie v. Randle*, 296 F.3d 518, 522 (discussing *Maleng v. Cook*, 490 U.S. 488, 491-92 (1989)).

2

the Supreme Court of Ohio. (Doc. #2 at 2). The Supreme Court of Ohio denied jurisdiction on December 30, 1987. (*Id.*). Gilmore did not file a petition for writ of certiorari in the United States Supreme Court, and his time for doing so expired ninety days later, on March 30, 1988. *See* Doc. #2 at 3; Sup. Ct. R. 13(1).

Petitioner states he filed a "Motion for a Hearing, Motion to Vacate and or Set Aside Sentence" in the Montgomery County Common Pleas Court on September 26, 1988. (Doc. #2 at 3). Petitioner indicates he did not receive a hearing regarding the motion, but does not provide additional information regarding the final result. (*Id.*).

Petitioner states that on November 18, 2003, he filed an "application for re-opening" in the Montgomery County Common Pleas Court. (*Id.* at 4). Petitioner received a hearing, and on December 8, 2003, his "application for re-opening" was denied. (*Id.*).

Petitioner now seeks to obtain relief from his conviction for one count of Aggravated Trafficking. (Docs. #2 at 1; 2-4 at 1).

## III. GILMORE'S PETITION IS TIME BARRED

The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") applies to Gilmore's habeas Petition because he filed it on May 30, 2012, well after the AEDPA became effective.[4] *See Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).

The AEDPA contains a one-year statute of limitations. 28 U.S.C. § 2244(d)(1)

---

[4] The AEDPA became effective on April 24, 1996. *See* Pub.L. No. 104-132, 110 Stat. 1214; *see also Barker*, 199 F.3d at 871.

provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on direct review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Because Gilmore did not file a petition for writ of certiorari with the United States Supreme Court, his conviction for Aggravated Trafficking became final on March 30, 1988. His conviction therefore became final many years before the AEDPA became effective on April 24, 1996.

Before the AEDPA took effect, habeas corpus law did not contain a specific statute of limitations. Once the AEDPA and its statute of limitations became effective, Gilmore had one year – or until April 24, 1997 – to file his federal habeas petition. *Israfil v.*

*Russell*, 276 F.3d 768, 771, 18 Fed. Appx. 278 (6th Cir. 2001); see *Searcy v. Carter*, F.3d 515, 517 (6th Cir. 2001). Gilmore did not file his habeas petition until May 30, 2012, more than fifteen years too late. Consequently, his habeas petition is untimely unless the statute of limitations was tolled by statute or equitably.

In Gilmore's case, the only potential tolling event occurred in 1988, when he filed his "Motion for a hearing, Motion to Vacate and or Set Aside Sentence." (Doc. #2 at 3). Although Gilmore indicates in his Petition that he did not receive a hearing regarding his motion, he does not otherwise indicate the final result obtained. (*Id.*). Even assuming this motion could be considered a properly filed application for State post-conviction or other collateral review capable of tolling the statute of limitations as set forth in 28 U.S.C. § 2244(d)(2),[5] the motion would need to have remained pending from September 26, 1988 until sometime in 2011 in order to sufficiently toll the statute of limitations long enough for Gilmore's habeas petition filed on May 30, 2012 to be timely. Due to the implausibility of such a scenario, and absent evidence to the contrary, it plainly appears to this Court that Gilmore's Petition is time barred.[6]

---

[5]The United States Supreme Court has held that if the state court determines that a post conviction proceeding is not "properly filed" pursuant to the state's procedural rules, then that action cannot toll under 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807,1812 (2005).

[6] Petitioner's "application for re-opening" filed in the Montgomery County Common Pleas Court on November 18, 2003, and denied as untimely on December 8, 2003, likewise does not toll the statute of limitations nor act to "restart the clock." *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)("[T]he tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.'" (citations omitted)).

There remains the possibility that equitable tolling might assist Gilmore in overcoming his statute-of-limitation problem. "Typically equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). Equitable tolling does not help Gilmore because the record contains no indication that he lacked either actual or constructive knowledge of the AEDPA's limitation period, and despite contending he tried "very hard to get the 'poison fruit' off his tree," *see* Doc. #2 at 13, his Petition does not indicate that he was diligent in pursuing these claims. *See Vroman*, 346 F.3d at 604-05; *see Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005) (diligence is one applicable factor in deciding whether equitable tolling should apply).

Accordingly, for all the above reasons, Gilmore's Petition should be dismissed.

Because reasonable jurists would not disagree with the above conclusions, Gilmore should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); *see also Miller-El v. Cockrell*, 537 U.S. 322, 328, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Leonard C. Gilmore's Petition for Writ of Habeas Corpus (Doc. #2) be DENIED and DISMISSED;

2. Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability;

3. This case be terminated on the docket of this Court; and

4. Although the undersigned concludes that dismissal pursuant to Rule 4 is warranted, the Clerk of Court is directed to serve a copy of this Report and Recommendations by electronic or regular mail on the Respondent and the Attorney General of Ohio, c/o Assistant Attorney General M. Scott Criss, Corrections Litigation, 150 E. Gay Street, 16th Floor, Columbus, Ohio 43215-6001, so that the Respondent may respond to objections, if any, filed by Gilmore.

June 7, 2012

                  s/Sharon L. Ovington
                   Sharon L. Ovington
                 United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).